LEVITT & SLAFKES, P.C.
515 Valley Street
Suite 140
Maplewood, New Jersey 07040
T: (973) 313-1200
E: blevitt@lsbankruptcylaw.com
By:  Bruce H. Levitt, Esq.
Attorneys for Yoerys Fraga and Henry Fraga
 and

BECKER, LLC
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
T: (973) 422-1100
E: aunderwood@becker.legal  By:
Allen J. Underwood, Esq.
Attorneys for Janis Lee Doran

Order Filed on January 27, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In Re: | Case No.: 19-21587(MBK) |
| KURT N. KVIST, | Chapter: 13 |
| Debtor. |  |

**CONSENT ORDER RESOLVING OBJECTIONS TO CONFIRMATION**

The relief set forth on the following pages is Ordered.

Date: January 27, 2020

Honorable Michael B. Kaplan
United States Bankruptcy Judge

This matter having come before the Court on confirmation of the Debtor's Modified Chapter 13 Plan to address, among other things, the Objections of Creditors Yoerys and Henry Fraga, represented by Levitt & Slafkes, P.C., and Janis Lee Doran, represented by Becker, LLC, and it appearing that the objections to confirmation have been resolved between the parties, and for good cause shown,

IT IS ORDERED that the following terms and conditions are incorporated into the Modified Chapter 13 Plan and shall survive the dismissal of, or discharge in, this Chapter 13 case and/or the conversion and discharge in Chapter 7:

1. Subject to the terms and conditions set forth herein, judgment creditors Yoerys and Henry Fraga ("the Fragas") will agree to accept the sum of $100,000.00 in full and final settlement, satisfaction and release of the non-dischargeable judgment against the Debtor in the amount of $216,609.00 to be paid no later than five years from the date the Plan is confirmed.

2. Subject to the terms and conditions set forth herein, judgment creditor Janis Lee Doran ('Doran") will agree to accept the sum of $65,000.00 in full and final settlement, satisfaction and release of the non-dischargeable judgment against the Debtor in the amount of $154,577.24 to be paid no later than five years after the date the Plan is confirmed.

3. The amended Plan will increase the Debtor's Plan payments to at least $500.00 per month for 36 months.

4. All other timely filed unsecured claims will receive a 100% distribution from the Trustee. Those creditor claims may be paid prior to the payments to the Fragas and Doran.

5. The full recovery under the Debtor's personal injury suit (after payment of counsel fees and associated costs) shall be assigned to the Fragas and Doran as follows: 60% to the Fragas, 40% to Doran. The Debtor shall waive any exemption to that recovery. Any and all documents necessary to effectuate the assignment shall be executed within 30 days of confirmation of the Debtor's Chapter 13 Plan.

6. The Debtor shall grant mortgages on his interests in the real properties located at 77 West Street, Colonia, N.J and 19 Grove Avenue, South Amboy, N.J. ("the real properties"). Said mortgages will secure the combined non-dischargeable amount of $371,186.24. The Debtor shall waive any exemption on his interest in the real properties. The Debtor shall secure the signatures of any party holding an interest in the real properties in order to grant a valid mortgage. The indebtedness due under the mortgages shall be allocated 60% to the Fragas and 40% to Doran. The Fragas and Doran shall determine whether to appoint a Trustee to hold the mortgages or whether the mortgages will be held in their names subject to the above allocation. The mortgages shall be executed and recorded within 30 days of confirmation of the Debtor's Chapter 13 Plan.

7. The respective settlement amounts shall be paid to the Fragas and Doran within 3 years of confirmation of the Debtor's Chapter 13 Plan.

8. In the event the full settlement amounts are not paid within three years of confirmation, the amount owed to the Fragas and Doran shall increase by 15% on the third anniversary of confirmation.

9. In the event the full settlement amounts are not paid within four years of confirmation, the amount owed to the Fragas and Doran shall increase by an additional 15% on the fourth anniversary of confirmation.

10. In the event the full settlement amounts are not paid on the fifth anniversary of confirmation, the Debtor will be deemed

in default and the full amounts due to the Fragas and Doran under the non-dischargeable judgments will be immediately due and payable, less any amounts received.

11. After the Debtor completes his payments to the Standing Trustee in three years or sooner, he shall continue to pay a minimum of $300.00 per month to the Fragas and $200.00 per month to Doran for the remaining term of this five year agreement.

12. A default in any payment to the Trustee or any term of this agreement shall constitute a default of the settlement and the full amounts due to the Fragas and Doran under the nondischargeable judgments will be immediately due and payable, less any amounts received.

13. The dismissal or conversion of the Debtor's Chapter 13 case shall be deemed an event of default of the settlement agreement.

14. The assignments of the personal injury suit and the mortgages shall survive any default under this agreement.

15. To the extent any provision of this Consent Order conflicts or is inconsistent with the terms set forth in this Consent Order, the terms of this Consent Order will control.

_____

Honorable Michael B. Kaplan

The undersigned consent to the form and entry of this Order:

    Law Office of Robert C. Nisenson        Becker, LLC
    Attorneys for Debtor                     Attorneys for Janis
                                                      Lee Doran
                                         By: /s/ Allen J. Underwood
                                              Allen J. Underwood

    By:__/s/Robert C. Nisenson
     Robert C. Nisenson

    Levitt & Slafkes, P.C.

```
    Attorneys for Yoerys and Henry Fraga

By:  /s/ Bruce H. Levit
     Bruce H. Levitt
```