```
LEVITT & SLAFKES, P.C.
515 Valley Street
Suite 140
Maplewood, New Jersey 07040
T: (973) 313-1200
E: blevitt@lsbankruptcylaw.com
By:  Bruce H. Levitt, Esq.
Attorneys for Yoerys Fraga and Henry Fraga
 and

BECKER, LLC
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
T: (973) 422-1100
E:  aunderwood@becker.legal By:
Allen J. Underwood, Esq.
Attorneys for Janis Lee Doran
```

Order Filed on January 27, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

_____

```
              UNITED STATES BANKRUPTCY COURT
                 DISTRICT OF NEW JERSEY
                                  :
In Re:                            : Case No.: 19-21587(MBK)
                                  :
KURT N. KVIST,                    : Chapter: 13
                                  :
        Debtor.        :
                                  :
                                  :
_____:
```

**CONSENT ORDER RESOLVING OBJECTIONS TO CONFIRMATION**

The relief set forth on the following pages is Ordered.

Date: January 27, 2020

Honorable Michael B. Kaplan
United States Bankruptcy Judge

This matter having come before the Court on confirmation of the Debtor's Modified Chapter 13 Plan to address, among other things, the Objections of Creditors Yoerys and Henry Fraga, represented by Levitt & Slafkes, P.C., and Janis Lee Doran, represented by Becker, LLC, and it appearing that the objections to confirmation have been resolved between the parties, and for good cause shown,

IT IS ORDERED that the following terms and conditions are incorporated into the Modified Chapter 13 Plan and shall survive the dismissal of, or discharge in, this Chapter 13 case and/or the conversion and discharge in Chapter 7:

1. Subject to the terms and conditions set forth herein, judgment creditors Yoerys and Henry Fraga ("the Fragas") will agree to accept the sum of $100,000.00 in full and final settlement, satisfaction and release of the non-dischargeable judgment against the Debtor in the amount of $216,609.00 to be paid no later than five years from the date the Plan is confirmed.

2. Subject to the terms and conditions set forth herein, judgment creditor Janis Lee Doran ('Doran") will agree to accept the sum of $65,000.00 in full and final settlement, satisfaction and release of the non-dischargeable judgment against the Debtor in the amount of $154,577.24 to be paid no later than five years after the date the Plan is confirmed.

3. The amended Plan will increase the Debtor's Plan payments to at least $500.00 per month for 36 months.

4. All other timely filed unsecured claims will receive a 100% distribution from the Trustee. Those creditor claims may be paid prior to the payments to the Fragas and Doran.

5. The full recovery under the Debtor's personal injury suit (after payment of counsel fees and associated costs) shall be assigned to the Fragas and Doran as follows: 60% to the Fragas, 40% to Doran. The Debtor shall waive any exemption to that recovery. Any and all documents necessary to effectuate the assignment shall be executed within 30 days of confirmation of the Debtor's Chapter 13 Plan.

6. The Debtor shall grant mortgages on his interests in the real properties located at 77 West Street, Colonia, N.J and 19 Grove Avenue, South Amboy, N.J. ("the real properties"). Said mortgages will secure the combined non-dischargeable amount of $371,186.24. The Debtor shall waive any exemption on his interest in the real properties. The Debtor shall secure the signatures of any party holding an interest in the real properties in order to grant a valid mortgage. The indebtedness due under the mortgages shall be allocated 60% to the Fragas and 40% to Doran. The Fragas and Doran shall determine whether to appoint a Trustee to hold the mortgages or whether the mortgages will be held in their names subject to the above allocation. The mortgages shall be executed and recorded within 30 days of confirmation of the Debtor's Chapter 13 Plan.

7. The respective settlement amounts shall be paid to the Fragas and Doran within 3 years of confirmation of the Debtor's Chapter 13 Plan.

8. In the event the full settlement amounts are not paid within three years of confirmation, the amount owed to the Fragas and Doran shall increase by 15% on the third anniversary of confirmation.

9. In the event the full settlement amounts are not paid within four years of confirmation, the amount owed to the Fragas and Doran shall increase by an additional 15% on the fourth anniversary of confirmation.

10. In the event the full settlement amounts are not paid on the fifth anniversary of confirmation, the Debtor will be deemed

in default and the full amounts due to the Fragas and Doran under the non-dischargeable judgments will be immediately due and payable, less any amounts received.

11. After the Debtor completes his payments to the Standing Trustee in three years or sooner, he shall continue to pay a minimum of $300.00 per month to the Fragas and $200.00 per month to Doran for the remaining term of this five year agreement.

12. A default in any payment to the Trustee or any term of this agreement shall constitute a default of the settlement and the full amounts due to the Fragas and Doran under the nondischargeable judgments will be immediately due and payable, less any amounts received.

13. The dismissal or conversion of the Debtor's Chapter 13 case shall be deemed an event of default of the settlement agreement.

14. The assignments of the personal injury suit and the mortgages shall survive any default under this agreement.

15. To the extent any provision of this Consent Order conflicts or is inconsistent with the terms set forth in this Consent Order, the terms of this Consent Order will control.

_____

Honorable Michael B. Kaplan

The undersigned consent to the form and entry of this Order:

| Law Office of Robert C. Nisenson | Becker, LLC |
| Attorneys for Debtor | Attorneys for Janis Lee Doran |
| | By: /s/ Allen J. Underwood |
| | Allen J. Underwood |
| By: /s/Robert C. Nisenson | |
| Robert C. Nisenson | |

Levitt & Slafkes, P.C.

Attorneys for Yoerys and Henry Fraga

By: /s/ Bruce H. Levit
    Bruce H. Levitt

United States Bankruptcy Court
District of New Jersey

In re:  
Kurt N Kvist  
    Debtor

Case No. 19-21587-MBK  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3    User: admin    Page 1 of 1    Date Rcvd: Jan 27, 2020  
                Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 29, 2020.  
db        +Kurt N Kvist,   77 West St.,   Colonia, NJ 07067-2115

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.    TOTAL: 0

      ***** BYPASSED RECIPIENTS *****  
NONE.    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 29, 2020    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 27, 2020 at the address(es) listed below:  
      Albert   Russo    docs@russotrustee.com  
      Aleisha Candace Jennings    on behalf of Creditor    Wilmington Savings Fund Society ajennings@rasflaw.com  
      Allen J. Underwood, II    on behalf of Creditor Janis Lee Doran ajunderwood@beckermeisel.com, ajunderwood@ecf.courtdrive.com  
      Bruce H Levitt    on behalf of Creditor Yoerys   Fraga blevitt@levittslafkes.com, sslafkes@levittslafkes.com;lspcattorneys@gmail.com;hbr69524@notify.bestcase.com;lsbankruptcynotices@gmail.com  
      Bruce H Levitt    on behalf of Creditor Henry   Fraga blevitt@levittslafkes.com, sslafkes@levittslafkes.com;lspcattorneys@gmail.com;hbr69524@notify.bestcase.com;lsbankruptcynotices@gmail.com  
      Denise E. Carlon    on behalf of Creditor    Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Seasoned Credit Risk Transfer Trust, Series 2018-3. dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com  
      John R. Morton, Jr.    on behalf of Creditor    Americredit Financial Services, Inc., d/b/a GM Financial ecfmail@mortoncraig.com,  mortoncraigecf@gmail.com  
      Jonathan C. Schwalb    on behalf of Creditor    Selene Finance LP as servicer for Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust bankruptcy@friedmanvartolo.com  
      Laura M. Egerman    on behalf of Creditor    Wilmington Savings Fund Society bkyecf@rasflaw.com, bkyecf@rasflaw.com;legerman@rasnj.com  
      Rebecca Ann Solarz    on behalf of Creditor    Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Seasoned Credit Risk Transfer Trust, Series 2018-3. rsolarz@kmllawgroup.com  
      Robert C. Nisenson    on behalf of Debtor Kurt N Kvist r.nisenson@rcn-law.com, doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com  
      U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov  
                                          TOTAL: 12