**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security        0 Assumption of Executory Contract or Unexpired Lease        0 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: **Kurt N Kvist**

Case No.: **19-20040**
Judge: **KCF**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required            Date: 12-4-2019
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **RCN**      Initial Debtor:  **KNK**      Initial Co-Debtor  _____

## Part 1:  Payment and Length of Plan

a.  The Debtor has paid $1,800.00 into the Plan and the debtor shall pay **$481.00 Monthly** to the Chapter 13 Trustee, starting on January 1, 2020  for approximately 53 months.

b.  The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☑ Other sources of funding (describe source, amount and date when funds are available): all insurance proceeds from personal injury case and/or sale or refinance of property within three (3) years

c.  Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion:  _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion:  _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:  _____

d.  ☐  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐  Other information that may be important relating to the payment and length of plan:

**DEBTOR IS TO PAY THE CLAIM OF CREDITORS, YOERYS AND HENRY FRAGA IN THE AMOUNT OF 100,000 WITHIN THREE (3) YEARS FROM EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.**

**DEBTOR IS TO PAY THE THE CLAIM OF CREDITOR, JANIS LEE DORAN THE AMOUNT OF $65,000 WITHIN THREE (3) YEARS FROM EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.**

**IF DEBTOR DOES NOT MAKE THE PAYMENT TO CREDITORS, YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WITHIN THAT TIME THEN THE AMOUNT OWED TO CREDITORS WILL BE INCREASED WITH A REPAYMENT OF 15% FOR EACH ADDITIONAL YEAR.**

**IF THE CLAIMS ARE NOT PAID TO CREDITORS WITHIN FIVE (5) YEARS THE CREDITORS WILL HAVE THE RIGHT TO FORECLOSE ON DEBTOR'S PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY AND CREDITORS WILL ALSO BE ALLOWED TO PLACE A MORTGAGE ON SAID PROPERTY.**

**THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN SHALL BE PAID AFTER ALL UNSECURED CLAIMS ARE PAID. THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WILL RECEIVE PAYMENT FROM THE TRUSTEE AFTER UNSECURED CLAIMS ARE PAID.**

## Part 2: Adequate Protection     [X] NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Robert C. Nisenson 6680** | **Attorney Fees** | **4000** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

3

**Part 4: Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| RAS/WILMINGTON | 19 Grover Avenue, South Amboy, NJ | 12,536.42 | | 12,536.42 | |
| FEDERAL HOME LOAN MORTGAGE/SELECT PORTFOLIO SERVICING | 77 West Street, Colonia, NJ | 3,316.02 | | 3,316.02 | |
| CITIZEN'S BANK | VEHICLE | 4,467.20 | | 4,467.20 | |
| AMERICREDIT FINANCIAL SERVICES | VEHICLE | 3,316.02 | | 3,316.02 | |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

c. **Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

4

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

Creditor

PNC BANK

**g. Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |
| | | |
| | | |

## Part 5: Unsecured Claims  ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
  ☐ Not less than $___ to be distributed *pro rata*

  ☑ **Not less than 100%___ percent to unsecured creditors except for Yoerys and Henry Fraga and Janis Lee Doran**

  ☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classificatio | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases   X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions    [X] NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** [✓] NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** [✓] NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** [✓] NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   [✓] Upon Confirmation
   [ ] Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

6

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

### d. Post-Petition Claims

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: ____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **pay arrears to creditors and settlement with judgment creditors** | **pay arrears to creditors and settlement with judgment creditors** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☑ Yes    ☐ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **December 4, 2019**    /s/ Kurt N Kvist
**Kurt N Kvist**
Debtor

Date: _____    _____
Joint Debtor

7

| | |
|---|---|
| Date **December 4, 2019** | /s/ Robert C. Nisenson |
| | **Robert C. Nisenson 6680** |
| | Attorney for the Debtor(s) |

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security        0 Assumption of Executory Contract or Unexpired Lease        0 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:   **Kurt N Kvist**

Case No.:   **19-21587**
Judge:   **KCF**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required           Date:   8-31-2020
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  **RCN**   Initial Debtor:  **KNK**   Initial Co-Debtor  _____

| **Part 1: Payment and Length of Plan** |
|---|

a. The Debtor has paid $5,634.00 into the Plan and the debtor shall pay **$589.00 Monthly** to the Chapter 13 Trustee, starting on September 1, 2020 for approximately 41months.

b. The debtor shall make plan payments to the Trustee from the following sources:
  ☑ Future Earnings
  ☑ Other sources of funding (describe source, amount and date when funds are available):
  all insurance proceeds from personal injury case and/or sale or refinance of property within three (3) years

c. Use of real property to satisfy plan obligations:
  ☐ Sale of real property wilimington
  Description: 19 Grover Avenue, Middlesex, NJ
  Proposed date for completion:    within 12 months

  ☐ Refinance of real property:
  Description:
  Proposed date for completion:    _____

  ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:    _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

2

**DEBTOR IS TO PAY THE CLAIM OF CREDITORS, YOERYS AND HENRY FRAGA IN THE AMOUNT OF 100,000 WITHIN THREE (3) YEARS FROM EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.**

**DEBTOR IS TO PAY THE THE CLAIM OF CREDITOR, JANIS LEE DORAN THE AMOUNT OF $65,000 WITHIN THREE (3) YEARS FROM EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.**

**IF DEBTOR DOES NOT MAKE THE PAYMENT TO CREDITORS, YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WITHIN THAT TIME THEN THE AMOUNT OWED TO CREDITORS WILL BE INCREASED WITH A REPAYMENT OF 15% FOR EACH ADDITIONAL YEAR.**

**IF THE CLAIMS ARE NOT PAID TO CREDITORS WITHIN FIVE (5) YEARS THE CREDITORS WILL HAVE THE RIGHT TO FORECLOSE ON DEBTOR'S PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY AND CREDITORS WILL ALSO BE ALLOWED TO PLACE A MORTGAGE ON SAID PROPERTY.**

**THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN SHALL BE PAID AFTER ALL UNSECURED CLAIMS ARE PAID. THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WILL RECEIVE PAYMENT FROM THE TRUSTEE AFTER UNSECURED CLAIMS ARE PAID.**

## Part 2: Adequate Protection                    [X] NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Robert C. Nisenson 6680** | **Attorney Fees** | **4000** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
[✓] None
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

3

**Part 4: Secured Claims**

a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| FEDERAL HOME LOAN MORTGAGE/SELECT PORTFOLIO SERVICING Colonia, NJ | 77 West Street, | | | 3,382.32 | 3382.32 |
| CITIZEN'S BANK | VEHICLE | | | 4,467.20 | 4,467.20 |
| AMERICREDIT FINANCIAL SERVICES | VEHICLE | | | 3,316.02 | 3,316.02 |

b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

   1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

4

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

Creditor

PNC BANK

**g. Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |
| | | |

## Part 5:  Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
   ☐ Not less than $___ to be distributed *pro rata*

   ☑ **Not less than 100%___ percent to unsecured creditors except for Yoerys and Henry Fraga and Janis Lee Doran**

   ☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classificatio | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

5

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions    ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:  Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or oupons to the Debtor notwithstanding the automatic stay.

6

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

d. **Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:  Modification    ■ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: ____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| sale of property | sale of property |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

## Part 10 :  Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☑ Explain here:

**DEBTOR IS TO PAY THE CLAIM OF CREDITORS, YOERYS AND HENRY FRAGA IN THE AMOUNT OF 100,000 WITHIN THREE (3) YEARS FROM EITHER THE  PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT  77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.**

**DEBTOR IS TO PAY THE THE CLAIM OF CREDITOR, JANIS LEE DORAN THE AMOUNT OF $65,000 WITHIN THREE (3) YEARS FROM  EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.**

 **IF DEBTOR DOES NOT MAKE THE PAYMENT  TO CREDITORS, YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WITHIN THAT TIME THEN THE AMOUNT OWED TO CREDITORS WILL BE INCREASED WITH A REPAYMENT OF 15% FOR EACH ADDITIONAL YEAR.**

 **IF THE CLAIMS ARE NOT PAID TO CREDITORS WITHIN FIVE (5) YEARS THE CREDITORS WILL HAVE THE RIGHT TO FORECLOSE ON DEBTOR'S PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY AND CREDITORS WILL ALSO BE ALLOWED TO PLACE A MORTGAGE ON SAID PROPERTY.**

**THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN SHALL BE PAID AFTER ALL UNSECURED CLAIMS ARE PAID.  THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WILL RECEIVE PAYMENT FROM THE TRUSTEE AFTER UNSECURED CLAIMS ARE PAID.**

7

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

| Date: | **August 31, 2020** | /s/ Kurt N Kvist |
|---|---|---|
| | | **Kurt N Kvist** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |
| Date | **August 31, 2020** | /s/ Robert C. Nisenson |
| | | **Robert C. Nisenson 6680** |
| | | Attorney for the Debtor(s) |

8