**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security       0 Assumption of Executory Contract or Unexpired Lease       0 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:   **Kurt N Kvist**                                                                Case No.:   **19-20040**
                                                                                         Judge:      **KCF**
                  Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                            ☑ Modified/Notice Required            Date:   12-4-2019
☐ Motions Included                    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **RCN**    Initial Debtor: **KNK**    Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a.  The Debtor has paid $1,800.00 into the Plan and the debtor shall pay **$481.00 Monthly** to the Chapter 13 Trustee, starting on January 1, 2020 for approximately 53 months.

b.  The debtor shall make plan payments to the Trustee from the following sources:
   - ☑ Future Earnings
   - ☑ Other sources of funding (describe source, amount and date when funds are available): all insurance proceeds from personal injury case and/or sale or refinance of property within three (3) years

c.  Use of real property to satisfy plan obligations:
   - ☐ Sale of real property
     Description:
     Proposed date for completion: _____

   - ☐ Refinance of real property:
     Description:
     Proposed date for completion: _____

   - ☐ Loan modification with respect to mortgage encumbering property:
     Description:
     Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

2

> **DEBTOR IS TO PAY THE CLAIM OF CREDITORS, YOERYS AND HENRY FRAGA IN THE AMOUNT OF 100,000 WITHIN THREE (3) YEARS FROM EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.**
>
> **DEBTOR IS TO PAY THE THE CLAIM OF CREDITOR, JANIS LEE DORAN THE AMOUNT OF $65,000 WITHIN THREE (3) YEARS FROM EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.**
>
> **IF DEBTOR DOES NOT MAKE THE PAYMENT TO CREDITORS, YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WITHIN THAT TIME THEN THE AMOUNT OWED TO CREDITORS WILL BE INCREASED WITH A REPAYMENT OF 15% FOR EACH ADDITIONAL YEAR.**
>
> **IF THE CLAIMS ARE NOT PAID TO CREDITORS WITHIN FIVE (5) YEARS THE CREDITORS WILL HAVE THE RIGHT TO FORECLOSE ON DEBTOR'S PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY AND CREDITORS WILL ALSO BE ALLOWED TO PLACE A MORTGAGE ON SAID PROPERTY.**
>
> **THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN SHALL BE PAID AFTER ALL UNSECURED CLAIMS ARE PAID. THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WILL RECEIVE PAYMENT FROM THE TRUSTEE AFTER UNSECURED CLAIMS ARE PAID.**

## Part 2:  Adequate Protection        **X** NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Robert C. Nisenson 6680** | **Attorney Fees** | **4000** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

3

**Part 4: Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| RAS/WILMINGTON | 19 Grover Avenue, South Amboy, NJ | 12,536.42 | | 12,536.42 | |
| FEDERAL HOME LOAN MORTGAGE/SELECT PORTFOLIO SERVICING | 77 West Street, Colonia, NJ | 3,316.02 | | 3,316.02 | |
| CITIZEN'S BANK | VEHICLE | 4,467.20 | | 4,467.20 | |
| AMERICREDIT FINANCIAL SERVICES | VEHICLE | 3,316.02 | | 3,316.02 | |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

c. **Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

    1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f.  Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

Creditor

PNC BANK

**g.  Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |
| | | |
| | | |

## Part 5:  Unsecured Claims    ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐    Not less than $___ to be distributed *pro rata*

☑    **Not less than 100%___ percent  to unsecured creditors except for Yoerys and Henry Fraga and Janis Lee Doran**

☐    *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classificatio | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases    X NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

5

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions     X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a.  **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

   b.  **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

   c.  **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

   The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8:  Other Plan Provisions

   a. **Vesting of Property of the Estate**
      ☑ Upon Confirmation
      ☐ Upon Discharge

   b. **Payment Notices**
   Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or oupons to the Debtor notwithstanding the automatic stay.

    c.  **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

    d.  **Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification   ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **pay arrears to creditors and settlement with judgment creditors** | **pay arrears to creditors and settlement with judgment creditors** |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☑ Yes   ☐ No

## Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **December 4, 2019**              **/s/ Kurt N Kvist**
                                                **Kurt N Kvist**
                                                Debtor

Date:                                          Joint Debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Date | December 4, 2019 | /s/ Robert C. Nisenson |
|---|---|---|
| | | **Robert C. Nisenson 6680** |
| | | Attorney for the Debtor(s) |

**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security        0 Assumption of Executory Contract or Unexpired Lease        0 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  **Kurt N Kvist**

Case No.: **19-21587**
Judge: **KCF**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required          Date: 8-31-2020
☐ Motions Included            ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **RCN**    Initial Debtor: **KNK**    Initial Co-Debtor _____

## Part 1:  Payment and Length of Plan

a. The Debtor has paid $5,634.00 into the Plan and the debtor shall pay **$589.00 Monthly** to the Chapter 13 Trustee, starting on September 1, 2020 for approximately 41months.

b. The debtor shall make plan payments to the Trustee from the following sources:
☑ Future Earnings
☑ Other sources of funding (describe source, amount and date when funds are available): all insurance proceeds from personal injury case and/or sale or refinance of property within three (3) years

c. Use of real property to satisfy plan obligations:
☐ Sale of real property wilimington
Description: 19 Grover Avenue, Middlesex, NJ
Proposed date for completion:    within 12 months

☐ Refinance of real property:
Description:
Proposed date for completion:

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion:

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.
e. ☐ Other information that may be important relating to the payment and length of plan:

2

DEBTOR IS TO PAY THE CLAIM OF CREDITORS, YOERYS AND HENRY FRAGA IN THE AMOUNT OF 100,000 WITHIN THREE (3) YEARS FROM EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.

DEBTOR IS TO PAY THE THE CLAIM OF CREDITOR, JANIS LEE DORAN THE AMOUNT OF $65,000 WITHIN THREE (3) YEARS FROM EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.

IF DEBTOR DOES NOT MAKE THE PAYMENT TO CREDITORS, YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WITHIN THAT TIME THEN THE AMOUNT OWED TO CREDITORS WILL BE INCREASED WITH A REPAYMENT OF 15% FOR EACH ADDITIONAL YEAR.

IF THE CLAIMS ARE NOT PAID TO CREDITORS WITHIN FIVE (5) YEARS THE CREDITORS WILL HAVE THE RIGHT TO FORECLOSE ON DEBTOR'S PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY AND CREDITORS WILL ALSO BE ALLOWED TO PLACE A MORTGAGE ON SAID PROPERTY.

THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN SHALL BE PAID AFTER ALL UNSECURED CLAIMS ARE PAID. THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WILL RECEIVE PAYMENT FROM THE TRUSTEE AFTER UNSECURED CLAIMS ARE PAID.

## Part 2: Adequate Protection            **X NONE**

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Robert C. Nisenson 6680** | **Attorney Fees** | **4000** |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
    Check one:
    ☑ None
    ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

3

**Part 4: Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| FEDERAL HOME LOAN MORTGAGE/SELECT PORTFOLIO SERVICING | 77 West Street, Colonia, NJ | | | 3,382.32 | 3382.32 |
| CITIZEN'S BANK | VEHICLE | | | 4,467.20 | 4,467.20 |
| AMERICREDIT FINANCIAL SERVICES | VEHICLE | | | 3,316.02 | 3,316.02 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

4

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

Creditor

PNC BANK

**g. Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |
| | | |
| | | |

## Part 5: Unsecured Claims     ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐     Not less than $___ to be distributed *pro rata*

☑     **Not less than 100%___ percent** to unsecured creditors except for Yoerys and Henry Fraga and Janis Lee Doran

☐     *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classificatio | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases     ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions   ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

   b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

   c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

   The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions
   a. **Vesting of Property of the Estate**
      ☑ Upon Confirmation
      ☐ Upon Discharge

   b. **Payment Notices**
   Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or oupons to the Debtor notwithstanding the automatic stay.

6

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

**d. Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification — NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| sale of property | sale of property |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

## Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☑ Explain here:

**DEBTOR IS TO PAY THE CLAIM OF CREDITORS, YOERYS AND HENRY FRAGA IN THE AMOUNT OF 100,000 WITHIN THREE (3) YEARS FROM EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.**

**DEBTOR IS TO PAY THE THE CLAIM OF CREDITOR, JANIS LEE DORAN THE AMOUNT OF $65,000 WITHIN THREE (3) YEARS FROM EITHER THE PROCEEDS OF THE PERSONAL INJURY CASE, REFINANCE OR SALE OF PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY.**

**IF DEBTOR DOES NOT MAKE THE PAYMENT TO CREDITORS, YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WITHIN THAT TIME THEN THE AMOUNT OWED TO CREDITORS WILL BE INCREASED WITH A REPAYMENT OF 15% FOR EACH ADDITIONAL YEAR.**

**IF THE CLAIMS ARE NOT PAID TO CREDITORS WITHIN FIVE (5) YEARS THE CREDITORS WILL HAVE THE RIGHT TO FORECLOSE ON DEBTOR'S PROPERTY LOCATED AT 77 WEST STREET, COLONIA, NEW JERSEY 07067 AND 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY AND CREDITORS WILL ALSO BE ALLOWED TO PLACE A MORTGAGE ON SAID PROPERTY.**

**THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN SHALL BE PAID AFTER ALL UNSECURED CLAIMS ARE PAID. THE CLAIMS OF YOERYS AND HENRY FRAGA AND JANIS LEE DORAN WILL RECEIVE PAYMENT FROM THE TRUSTEE AFTER UNSECURED CLAIMS ARE PAID.**

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

| Date: | **August 31, 2020** | **/s/ Kurt N Kvist** |
|---|---|---|
| | | **Kurt N Kvist** |
| | | Debtor |
| Date: | | |
| | | Joint Debtor |
| Date | **August 31, 2020** | **/s/ Robert C. Nisenson** |
| | | **Robert C. Nisenson 6680** |
| | | Attorney for the Debtor(s) |

8

```
                              United States Bankruptcy Court
                                   District of New Jersey

In re:                                                          Case No. 19-21587-MBK
Kurt N Kvist                                                    Chapter 13
       Debtor
                                 CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin                 Page 1 of 2           Date Rcvd: Sep 03, 2020
                              Form ID: pdf901             Total Noticed: 40


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 05, 2020.
db             +Kurt N Kvist,    77 West St.,    Colonia, NJ 07067-2115
sp             +Maureen Goodman, Esq.,    171 Main Street,    Woodbridge, NJ 07095-2104
cr             +Selene Finance LP as servicer for Wilmington Savin,    Friedman Vartolo, LLP,    85 Broad St,
                 85 Broad St,    New York, NY 10004-2434
cr             +Wilmington Savings Fund Society,    RAS Crane, LLC,    10700 Abbotts Bridge Road, Suite 170,
                 Duluth, GA 30097-8461
518293890      +Aviya Halpern,    85 East End Avenue,    New York, NY 10028-8020
518411959      +Citibank, N.A.,    701 East 60th Street North,    Sioux Falls, SD 57104-0493
518293891      +Citibank/The Home Depot,    Po Box 6497,    Sioux Falls, SD 57117-6497
518293892      +Citicards,    Citicorp Credit Services/Attn: Centraliz,    Po Box 790040,
                 Saint Louis, MO 63179-0040
518293893       Edison- Metuchen Orthopaedic Group,    Edison Spine Center, LLC,    Edison, NJ 08837
518293894      +Fay Servicing,    PO Box 619063,    Dallas, TX 75261-9063
518293895      +Five Star LLC,    C/O James J. Frega, Esq,    886 Belmont Avenue, Suite B,
                 North Haledon, NJ 07508-2573
518293897      +GWS Contractors, Inc,    105 Fresh Ponds Road,    Jamesburg, NJ 08831-3303
518293896      +Gary Cantagallo,    249 Appletree Lane,    Mountainside, NJ 07092-1701
518293898      +Henry Fraga,    C/O Joseph V. MacMahon,    169 Ramapo Valley Rd LL-101,    Oakland, NJ 07436-2509
518293899      +Hershey Tannenbaum,    C/O Arym Center,    PO Box 180240,    Brooklyn, NY 11218-0240
518293900      +Hugh & Vicky Harris,    9 Sterling Road North,    Armonk, NY 10504-2519
518293902      +JFK Hartwyck at Oaktree,    C/O Paula G. Kaplan, Esq.,    55 Morris Avenue Suite 200,
                 Springfield, NJ 07081-1422
518293903      +JFK Hospital,    65 James St.,    Edison, NJ 08820-3903
518293901      +Janis L. Doran,    C/O Snellings Law, LLC,    2001 Route 46,    Waterview Plaza, Suite 206,
                 Parsippany, NJ 07054-1393
518293904      +New Jersey Imaging Network,    10 Parsonage Road, Suite 105,    Edison, NJ 08837-2429
518293905      +PNC Bank,    PO Box 6534,    Carol Stream, IL 60197-6534
518358427       PSE&G,    Attn: Bankruptcy Dept.,    PO Box 709,    Newark NJ 07101-0709
518293906      +PSE&G,    PO Box 14444,    New Brunswick, NJ 08906-4444
518293907      +Ronald A. & Gerri E. Giller,    C/O Dreifuss Bonacci & Paker, PC,
                 26 Columbia Turnpike North Entrance,    Florham Park, NJ 07932-2213
518293909       Stylecraft Corporation,    500 Broad St.,    Terre Hill, PA 17581
518293910      +William D. Sears,    2 Tanglewood Lane,    Holmdel, NJ 07733-2114
518417276      +Yoerys and Henry Fraga,    2 Wesley Street,    Riverdale, NJ 07457-1210

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 04 2020 00:08:52      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 04 2020 00:08:49      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Sep 04 2020 00:08:33
                 Americredit Financial Services, Inc., d/b/a GM Fin,    4000 Embarcadero Dr.,
                 Arlington, TX 76014-4101
cr             +E-mail/Text: ajunderwood@beckermeisel.com Sep 04 2020 00:08:23      Janis Lee Doran,
                 c/o Allen J. Underwood II, Esq.,    Becker LLC,    354 Eisenhower Parkway,    Suite 1500,
                 Livingston, NJ 07039-1023
518318214       E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Sep 04 2020 00:08:33
                 AmeriCredit Financial Services, Inc.,    dba GM Financial,    P O Box 183853,
                 Arlington, TX 76096
518293889      +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM Sep 04 2020 00:08:33
                 AmeriCredit/GM Financial,    Attn: Bankruptcy,    Po Box 183853,    Arlington, TX 76096-3853
518312009       E-mail/Text: Bankruptcy.RI@Citizensbank.com Sep 04 2020 00:08:16      Citizens Bank N.A.,
                 One Citizens Bank Way,    Mailstop: JCA115,    Johnston, RI 02919
518417005       E-mail/Text: jennifer.chacon@spservicing.com Sep 04 2020 00:09:17
                 Federal Home Loan Mortgage Corporation et al,,    c/o Select Portfolio Servicing, Inc.,
                 P.O. Box 65250,    Salt Lake City, UT 84165-0250
518416709      +E-mail/Text: ajunderwood@beckermeisel.com Sep 04 2020 00:08:23      Janis Lee Doran,
                 c/o Allen J. Underwood, II, Esq.,    Becker LLC,    354 Eisenhower Parkway,    Suite 1500,
                 Livingston, New Jersey 07039-1023
518359263      +E-mail/Text: bankruptcy@pseg.com Sep 04 2020 00:08:11      PSE&G,    Attn: Bankruptcy Dept.,
                 PO box 490,    Cranford, NJ 07016-0490
518293908       E-mail/Text: jennifer.chacon@spservicing.com Sep 04 2020 00:09:17
                 Select Portfolio Servicing, Inc.,    P.O. Box 65450,    Salt Lake City, UT 84165-0450
518295890      +E-mail/PDF: gecsedi@recoverycorp.com Sep 04 2020 00:13:33      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
518607780      +E-mail/Text: bkteam@selenefinance.com Sep 04 2020 00:08:24      WILMINGTON SAVINGS FUND SOCIETY,
                 C/O SELENE FINANCE, LP,    9990 RICHMOND AVE SUITE 400 SOUTH,    HOUSTON, TX 77042-4546
                                                                                               TOTAL: 13
```

```
District/off: 0312-3            User: admin                 Page 2 of 2                  Date Rcvd: Sep 03, 2020
                                Form ID: pdf901             Total Noticed: 40
```

***** BYPASSED RECIPIENTS (continued) *****

***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
518377156*    ++AMERICREDIT FINANCIAL SERVICS DBA GM FINANCIAL,    PO BOX 183853,    ARLINGTON TX 76096-3853
              (address filed with court:  Americredit Financial Services, Inc.,   Dba GM Financial,
                P.O Box 183853,    Arlington, TX 76096)
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 05, 2020                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 2, 2020 at the address(es) listed below:

```
          Albert    Russo    on behalf of Trustee Albert   Russo docs@russotrustee.com
          Albert    Russo    docs@russotrustee.com
          Aleisha Candace Jennings    on behalf of Creditor    Wilmington Savings Fund Society
           ajennings@rasflaw.com
          Aleisha Candace Jennings    on behalf of Creditor    Selene Finance LP as servicer for Wilmington
           Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium
           Mortgage Acquisition Trust ajennings@rasflaw.com
          Allen J. Underwood, II    on behalf of Creditor Janis Lee Doran ajunderwood@beckermeisel.com,
           ajunderwood@ecf.courtdrive.com;mambrose@becker.legal
          Bruce H Levitt    on behalf of Creditor Yoerys   Fraga blevitt@levittslafkes.com,
           sslafkes@levittslafkes.com;lspcattorneys@gmail.com;hbr69524@notify.bestcase.com;lsbankruptcynotic
           es@gmail.com
          Bruce H Levitt    on behalf of Creditor Henry   Fraga blevitt@levittslafkes.com,
           sslafkes@levittslafkes.com;lspcattorneys@gmail.com;hbr69524@notify.bestcase.com;lsbankruptcynotic
           es@gmail.com
          Denise E. Carlon    on behalf of Creditor    Federal Home Loan Mortgage Corporation, as Trustee for
           the benefit of the Seasoned Credit Risk Transfer Trust, Series 2018-3. dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          John R. Morton, Jr.    on behalf of Creditor    Americredit Financial Services, Inc., d/b/a GM
           Financial ecfmail@mortoncraig.com,   mortoncraigecf@gmail.com
          Jonathan C. Schwalb    on behalf of Creditor    Selene Finance LP as servicer for Wilmington
           Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium
           Mortgage Acquisition Trust bankruptcy@friedmanvartolo.com
          Laura M. Egerman    on behalf of Creditor    Wilmington Savings Fund Society bkyecf@rasflaw.com,
           bkyecf@rasflaw.com;legerman@rasnj.com
          Rebecca Ann Solarz    on behalf of Creditor    Federal Home Loan Mortgage Corporation, as Trustee
           for the benefit of the Seasoned Credit Risk Transfer Trust, Series 2018-3.
           rsolarz@kmllawgroup.com
          Robert C. Nisenson    on behalf of Debtor Kurt N Kvist r.nisenson@rcn-law.com,
           doreen@rcn-law.com;g2729@notify.cincompass.com;nisenonrr70983@notify.bestcase.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 14
```