| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**BECKER LLC**<br>Eisenhower Plaza II<br>354 Eisenhower Parkway, Suite 1500<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>ALLEN J. UNDERWOOD II, ESQ.<br>E-mail address: ajunderwood@becker.legal<br>*Attorneys for Judgment Creditor Janis Lee Doran* | |
| In re:<br><br>KURT N. KVIST,<br><br>                Debtor. | Case No. 19-21587 (KCF)<br><br>Chapter 13<br><br>Judge:  Hon. Kathryn C. Ferguson |

**JUDGMENT CREDITOR JANIS LEE DORAN'S LIMITED OBJECTION TO THE CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

TO:    THE HONORABLE KATHRYN C. FERGUSON,
        UNITED STATES BANKRUPTCY JUDGE:

Creditor, Janis Lee Doran a/k/a Janis L. Doran ("Doran"), by and through her counsel, Becker LLC, hereby objects to Debtor's revised/amended proposed Chapter 13 Plan (Docket No. 82) filed on September 2, 2020 by the debtor, Kurt N. Kvist ("Debtor"). Creditor's counsel reached out to Debtor's counsel in advance of filing this limited objection in an attempt to resolve same. In this Limited Objection, Doran respectfully represents as follows:

        1.     In this matter, respective judgment creditors Doran and Yoerys and Henry Fraga reached a settlement ("Settlement") with Debtor as to prior plan objections, under Order dated January 27, 2020 (Docket No. 65).

2. The Settlement is referenced in Debtor's prior Confirmed Plan filed with the Court December 19, 2019 (Docket No. 46) and Confirmed by Confirmation Order dated February 27, 2020 (Docket No. 72).

3. Among other terms, under the Settlement and Confirmed Plan, Debtor has been provided with proposed mortgages as to 2 parcels of real property, and has failed under the settlement to execute and return same to creditors for recordation.

4. Debtor has permitted default on one of the two properties subject to securitization, and the primary lender on that property has obtained stay relief to foreclose in rem. Debtor has failed to advise as to the status of that foreclosure.

5. Debtor has failed to pay Doran and the Fragas the proceeds of the personal injury action, as was required under the settlement and Confirmed Plan, or to advise as to the status of that action.

6. The within objection is limited solely because the present proposed revised/amended Plan does not appear to modify the settlement terms or prior Plan terms as to Doran and the Fragas. Nevertheless, Debtor is in default of those settlement terms, and any further Plan revisions or amendments should not be permitted until Debtor has remedied the defaults to Doran and the Fragas under the Settlement and Plan.

7. In pertinent part, Section 1325(a) provides:

**(a)** Except as provided in subsection (b), **the court shall confirm a plan if**--

**(3) the plan has been proposed in good faith** and not by any means forbidden by law;
…
…
**(6) the debtor will be able to make all payments** under the plan and to comply with the plan;

2

11 U.S.C.A. § 1325 (West)(emphasis added).

8. Here, quite simply, there is evidence to suggest the pending Plan is not proposed in good faith. The Debtor has not responded regarding the securitization under the settlement under the Plan, has permitted default on an asset to be and secured, has not paid proceeds as provided under the Settlement of a personal injury settlement. All of these are in violation of 1325(a)(3) and (a)(6).

9. Based upon this limited objection, any Plan amendment or modification should be denied or carried unless and until the Debtor is in full compliance with the Plan as set forth herein.

         Respectfully submitted,

         **BECKER LLC**
         *Attorneys for Creditor,*
         *Janis Lee Doran*

         By: /s/ Allen J. Underwood II_____
             ALLEN J. UNDERWOOD II, ESQ.
             Eisenhower Plaza II
             354 Eisenhower Parkway, Suite 1500
             Livingston, New Jersey 07039
             Phone: (973) 422-1100
             Facsimile: (973) 422-9122
             ajunderwood@becker.legal

Dated: September 30, 2020