UNITED STATES BANKRUPTCY COURT

District of New Jersey

Albert Russo

Cn 4853

Trenton, NJ  08650

(609) 587-6888

Standing Chapter 13 Trustee

In re:

Kurt N Kvist

Debtor(s)

**Order Filed on December 11, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.: 19-21587 / MBK

Hearing Date:  11/17/2020

Judge: Michael B. Kaplan

Chapter: 13

### ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: December 11, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on

the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy

Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 10/16/2020, or the last amended

plan of the debtor be and it is hereby confirmed.    The Standing Trustee shall make payments in

accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of   60

months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following

schedule, which payments shall include commission and expenses of the Standing Trustee in accordance

with 28 U.S.C. § 586:

> $6,812.00 PAID TO DATE
>
> $589.00 for 44 months beginning 11/1/2020

**ORDERED** that the case is confirmed at 100%, which includes a minimum of $56,568.00 dividend to

general unsecured creditors due to non-exempt equity in property.

**ORDERED**    that the Standing Trustee shall be authorized to submit, ex-parte, an Amended

Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed.

R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b)

Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13

plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed.  The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that the debtor(s) must keep the Standing Trustee updated with the status of the debtor(s) personal injury claim, and any non-exempt proceeds of said claim shall be paid to the Trustee for the benefit of creditors.

**ORDERED** that section(s) 1(e) as pertains to the sale of19 Grover Avenue is stricken from the Chapter 13 Plan.

**ORDERED** that the debtor(s) is to complete a sale or refinance of property located at 77 West Street within three (3) years, and any non-exempt proceeds of said sale or refinance shall be paid to the Trustee for the benefit of creditors.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date.   If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

Order Resolving Objection of creditor Janis Lee Doran, PACER Claim #5-1, to be filed by 12/17/2020.

Creditors Janis Lee Doran, PACER Claim #5-1, and Yoerys and Henry Fraga, PACER Claim #7-1, will be paid outside of the Chapter 13 Plan from the settlement proceeds of debtor's personal injury suit.

The claims of Janis Lee Doran and Yoerys and Henry Fraga, will be paid by the Trustee after unsecured claims have been paid.

The Trustee is to receive non-exempt proceeds, if any, from the settlement of the debtor's personal injury lawsuit, after payments have been made to creditors Janis Lee Doran and Yoerys and Henry Fraga.

United States Bankruptcy Court

District of New Jersey

In re:                                                                                    Case No. 19-21587-MBK

Kurt N Kvist                                                                              Chapter 13

    Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0312-3                          User: admin                              Page 1 of 2

Date Rcvd: Dec 11, 2020                       Form ID: pdf903                          Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol          Definition**

\+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                  regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 13, 2020:**

**Recip ID          Recipient Name and Address**
db              +  Kurt N Kvist, 77 West St., Colonia, NJ 07067-2115

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 13, 2020                    Signature:        /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 11, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Albert Russo | docs@russotrustee.com |
| Albert Russo | on behalf of Trustee Albert Russo docs@russotrustee.com |
| Aleisha Candace Jennings | on behalf of Creditor Selene Finance LP as servicer for Wilmington Savings Fund Society  FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust ajennings@rasflaw.com |
| Aleisha Candace Jennings | on behalf of Creditor Wilmington Savings Fund Society ajennings@rasflaw.com |
| Allen J. Underwood, II | on behalf of Creditor Janis Lee Doran ajunderwood@beckermeisel.com ajunderwood@ecf.courtdrive.com;mambrose@becker.legal |

District/off: 0312-3                                    User: admin                                              Page 2 of 2
Date Rcvd: Dec 11, 2020                        Form ID: pdf903                                     Total Noticed: 1

Bruce H Levitt
                         on behalf of Creditor Yoerys Fraga blevitt@levittslafkes.com
                         sslafkes@levittslafkes.com;lspcattorneys@gmail.com;hbr69524@notify.bestcase.com;lsbankruptcynotices@gmail.com

Bruce H Levitt
                         on behalf of Creditor Henry Fraga blevitt@levittslafkes.com
                         sslafkes@levittslafkes.com;lspcattorneys@gmail.com;hbr69524@notify.bestcase.com;lsbankruptcynotices@gmail.com

Denise E. Carlon
                         on behalf of Creditor Federal Home Loan Mortgage Corporation  as Trustee for the benefit of the Seasoned Credit Risk Transfer
                         Trust, Series 2018-3. dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

John R. Morton, Jr.
                         on behalf of Creditor Americredit Financial Services  Inc., d/b/a GM Financial ecfmail@mortoncraig.com,
                         mortoncraigecf@gmail.com

Jonathan C. Schwalb
                         on behalf of Creditor Selene Finance LP as servicer for Wilmington Savings Fund Society  FSB, d/b/a Christiana Trust, not
                         individually but as trustee for Pretium Mortgage Acquisition Trust bankruptcy@friedmanvartolo.com

Laura M. Egerman
                         on behalf of Creditor Wilmington Savings Fund Society bkyecf@rasflaw.com  bkyecf@rasflaw.com;legerman@rasnj.com

Rebecca Ann Solarz
                         on behalf of Creditor Federal Home Loan Mortgage Corporation  as Trustee for the benefit of the Seasoned Credit Risk Transfer
                         Trust, Series 2018-3. rsolarz@kmllawgroup.com

Robert C. Nisenson
                         on behalf of Debtor Kurt N Kvist r.nisenson@rcn-law.com
                         doreen@rcn-law.com;g2729@notify.cincompass.com;nisensonrr70983@notify.bestcase.com

U.S. Trustee
                         USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 14