UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**LITE DEPALMA GREENBERG & AFANADOR**
570 Broad Street, Suite 1201
Newark, NJ 07102
ALLEN J. UNDERWOOD II, ESQ.
E-mail address: aunderwood@litedepalma.com
*Attorneys for Judgment Creditor Janis Lee Doran*

| | |
|---|---|
| In re:<br><br>KURT N. KVIST,<br><br>              Debtor. | Case No. 19-21587-MBK<br><br>Chapter 13<br><br>Judge: Hon. Michael B. Kaplan |

**JUDGMENT CREDITOR JANIS LEE DORAN'S OBJECTION TO THE SALE OF 19 GROVER AVENUE, SOUTH AMBOY, NEW JERSEY**

TO:    THE HONORABLE MICHAEL B. KAPLAN,
         UNITED STATES BANKRUPTCY JUDGE:

Creditor, Janis Lee Doran a/k/a Janis L. Doran ("Doran"), by and through her counsel, Lite DePalma Greenberg & Afanador hereby objects to and seeks denial of Debtor's motion for the sale of 19 Grover Avenue, South Amboy, New Jersey, as follows:

**BACKGROUND**

1. On or about June 8, 2018, the state court awarded Doran a Final Judgement against the Debtor and Debtor's business, Serious Cabinetry, Inc., jointly and severally, in the amount of $154,577.24 ("Final Judgment").

2. Doran recorded her Final Judgment in Trenton as a statewide lien on all of Debtor's real property prior to Debtor's instant bankruptcy filing. *See, Id.*

3.  On or about September 19, 2018, a Writ of Execution was entered against the Debtor and Serious on Doran's behalf, levying against all personal property, and any and all bank accounts of the Debtor and Serious.

4.  On October 24, 2018, Debtor filed with this Court a personal voluntary petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of New Jersey under Case No. 18-31149. Said bankruptcy was dismissed.

5.  On May 8, 2019, Doran obtained her default judgment of nondischargeability against the Debtor before this Court, under case no. 19-01058 (KCF).

6.  On May 17, 2019, Debtor filed with this Court a personal voluntary petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of New Jersey under Case No. 19-20040 (KCF). Said bankruptcy was dismissed

7.  On June 10, 2019, Debtor filed the instant Petition, which is the Debtor's third Chapter 13 Bankruptcy filing within one year.

8.  Thereafter, judgment creditors Doran and Fraga arrived at a settlement with the Debtor, through this Court's assistance.

9.  The settlement is set forth in order form at docket entry 65, *the Consent Order Resolving Objections to Confirmation*. The Settlement is further described by a separate Settlement Agreement among the parties.

10. Debtor is in breach of the Settlement on the following basis:

    A.  Debtor must submit a revised form of order to the *Order to Approve Disbursement of Settlement Proceeds* entered January 13, 2023 (Docket Entry 115). The Order as issued includes incorrect amounts as to be disbursed to the creditors Doran and Fraga, and Doran, despite demand,

        has never received the correct amount form the personal injury settlement. Doran is entitled to 40% of the settlement and this Court's Order must correct the prior Order and require the issuer of payment to issue payment in the correct amount to Doran.

B.     Debtor failed and refused, despite repeated requests and being presented with proper drafts, to execute the mortgages required by the settlement.

C.     The Plan was Confirmed on December 11, 2020. The full settlement amounts have not been paid by the third anniversary of the Plan Confirmation date, as such, under the settlement agreement, Doran is entitled to an additional 15% on her settled $65,000.00 amount from the sale of the homes.

D.     The $65,000.00 plus 15% should be paid to Doran at closing of the sale of the properties pursuant to this Court's prior Order, and any Order issuing on this motion.

## CONCLUSION

11.    In sum, this is a simple matter, the amounts Doran is entitled to under her settlement require simple steps – simple steps that the Debtor has failed to take or live by under the Settlement Agreement.  As such, an Order of this Court permitting a sale should require payment in full of Doran at closing with her 15% kicker, plus be an order directing the personal injury counsel to issue a check in the correct amount as to said settlement to Doran.

Respectfully submitted,

**Lite DePalma Greenberg & Afanador**

*Attorneys for Creditor,*
*Janis Lee Doran*

By: /s/ Allen J. Underwood II
       ALLEN J. UNDERWOOD II, ESQ.

Dated:  July 25, 2023