| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Robert C. Nisenson, LLC<br>10 Auer Court<br>East Brunswick, NJ 08816<br>(732) 238-8777<br>(732) 238-8758 (fax)<br>RCN 6680<br><br>In Re:<br><br>Kurt N. Kvist | Order Filed on August 28, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey<br><br>Case No.: 19-21587<br><br>Hearing Date: _____<br><br>Chapter: 13<br><br>Judge: MBK |

## REVISED
## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: August 28, 2023**

*Michael B. Kaplan* (signature)
Honorable Michael B. Kaplan
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly known as ___19 Grover Avenue, South Amboy___, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Robert C. Nisenson, Esq., Remax 1st Advantage/Keller Williams |
| Amount to be paid: | $2,500.00/$21,000 |
| Services rendered: | Attorney/Realtors |

**OR:** ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $____0____ claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

*rev.8/1/15*

9. Other provisions: "The lien of Selene Finance shall remain on the premises commonly known as 19 Grover Avenue, South Amboy, New Jersey until the closing proceeds are received and applied by Selene Finance pursuant to the payoff letter.

10. All real estate taxes and water and sewer fees will be paid at the time of closing.

11. Other provisions: "The property is being sold free and clear to the liens of Henry and Yoerys Fraga with Judgment No. J-021534-2018 subject to the terms of the Consent Order dated January 27, 2020."

12. Other provisions: that the property is being sold free and clear to the liens and claims of Janis L. Doran with Judgment No: J-120651-2018 subject to the terms of the Consent Order dated January 27, 2020.

13. Other provisions: that the property is being sold free and clear to the liens of Henry and Yoeyrs Fraga with Adversary No: AP-10151-2019 in the Debtor's Bankruptcy Case subject to the terms of the Consent Order dated January 27, 2020.

14. Other provisions: that the property is being sold free and clear to the liens of Janis L. Doran with Adversary No: 19-01058-KCF in the Debtor's Bankruptcy Case subject to the terms of the Consent Order dated January 27, 2020.

15. From the sale proceeds after all closing costs are paid, Lynn Trapp shall receive 50% of the net sale proceeds. The loan on the property shall be

deducted from Debtor's 50% share since the Debtor has asserted that he received the funds from the refinance.

16. The Consent Order dated January 27, 2020 is amended to provide that the non-dischargeable claim held by Fraga against the Debtor and to be paid in this Chapter 13 case is $103,000.00, and that the non-dischargeable Claim held by Doran to be paid in this Chapter 13 case is $67,000.00.

17. The attorney for Doran shall within 5 days of the date hereof return the personal injury check to the personal injury attorney Maureen Goodman, Esq. of the firm of Palmisano & Goodman in the amount of $39,331.00 and the personal injury attorney Ms. Goodman shall within 5 days of her receipt of the prior check reissue the check for the benefit of Doran payable to the attorney trust account of Lite DePalma Greenberg & Afanador, LLC.

18. The Trustee will pay from the $4373 funds on hand $2,623.80 to Fraga and $1,794.20 to Doran.

19. The Debtor estimates that the net proceeds of sale due to the Debtor will be $86,005.42. The Debtor shall pay from the first $80,000 the sum of $60,455.82 to Fraga and $19,544.18 will be paid to Doran. Any proceeds above $80,000.00 will be paid 60% percent to Fraga and 40% to Doran. The final amount will be confirmed in writing upon receipt of the final HUD within 24 hours of closing. The trustee shall also be provided with a copy of the Hud. These amounts will be paid as directed by counsel for each of the two creditors.

20. The entire amount due to Fraga and Doran after the distributions pursuant to the terms of this Order will be reported to counsel for both Fraga and Doran, as well as the Chapter 13 Standing Trustee. . Debtor will amend the plan within 15 days of closing to provide for payment in full of any outstanding amounts due these creditors. All money paid to the trustee will be distributed 60% percent to Fraga and 40% to Fraga.

21. Fraga and Duran shall file amended proofs of claim for the balances due within 15 days of the amendment of the Plan.

22. Debtor shall execute a mortgage on his home, in favor of Fraga and Doran, under terms previously circulated as to the prior agreed mortgages as to the parties,within 30 days to secure payment of any outstanding amounts due to Fraga and Doran. The amount of the mortgage shall be for the current amount owed plus the default amount if not paid before the end of the plan.

23. If Debtor fails to complete the payment of $103,000 to Fraga and $67,000 to Doran by the end of the plan, the Debtor will pay the additional amount of $12,000.00 to Fraga and $7,750.00 to Doran (in addition to the remaining amounts then due and outstanding). Those amounts will be immediately due and owing. Unless mutually agreeable payment terms are reached, Fraga and Doran may pursue all remedies available, including foreclosure of the home. Upon receipt of the full amounts due, Fraga and Doran will release their judgments and mortgages against the Debtor

24. This Order and the amounts set forth herein shall constitute an agreed note obligation for the purposes of the recordation of a mortgage as described hereunder against the Debtors residence.

25. The judgement liens of Fraga and Doran against the Debtors' residence are not discharged, and shall remain in effective unless and until full payment is made to Fraga and Doran hereunder. The parties agree that upon recordation, the mortgage described herein shall not merge with the judgments of Fraga and Doran.

26. The provision of Rule 6004(h) shall not be applicable to the matter and the Debtor shall be permitted to sell the property immediately.